**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CAROL J. PALANGIO | ) |
| | )   Civil Action No. |
| Plaintiff, | ) |
| | )   COMPLAINT |
| v. | ) |
| | )   Electronically Filed |
| PALACE ENTERTAINMENT, | ) |
| | )   JURY TRIAL DEMANDED |
| Defendant. | ) |

**COMPLAINT**

**NATURE OF THE ACTION, JURISDICTION AND VENUE**

1.      This is an individual action under the Age Discrimination in Employment Act of 1967, as amended (ADEA) (29 U.S.C. §621 et seq.), Title VII of the Civil Rights Act of 1964 (Title VII), as amended (42 U.S.C. §2000e et seq.), and the Pennsylvania Human Relations Act, as amended (PHRA)(43 Pa. C.S.A. §951 et seq.), to correct unlawful employment practices on the basis of age and sex and to make Plaintiff whole.

2.      Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 and, for supplemental state claims, 28 U.S.C. §1367(a).  This action is authorized and instituted pursuant to  the ADEA, Title VII and the PHRA.

3.      The actions and policies alleged to be unlawful were committed in and around West Mifflin, Pennsylvania, where Defendant is located and where Plaintiff worked and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania, and the venue is proper.

4.      Plaintiff exhausted her administrative remedies by filing with the Equal Employment

Opportunity Commission (EEOC) and the Pennsylvania Human Relations Commission

(PHRC) within the respective statutory periods (300 days / 180 days) following the

complained-of acts.  The EEOC issued a Right to Sue and Plaintiff is filing this action

within ninety days of having received the Right to Sue.


## PARTIES


5.      Plaintiff Carol J. Palangio (hereinafter referred to as "Plaintiff" or "Palangio"), has resided

at all relevant times at 204 Sunset Drive, Pittsburgh, PA 15235.  Plaintiff was employed by

Defendant at its Kennywood Park location as the Operations Manager for the Refreshment

Company from 1976 until on or about January 29, 2009.


6.      Defendant Palace Entertainment (hereinafter referred to as "Defendant" or "Palace

Entertainment") is an entertainment company headquartered at 4590 MacArthur Boulevard,

Suite 400, Newport Beach, CA 92660.  Defendant's Kennywood Park location is located at

4800 Kennywood Boulevard, West Mifflin, PA 15122.


7.      Defendant is subject to the ADEA, Title VII and the PHRA.


## BACKGROUND AND STATEMENT OF CLAIMS


8.      Plaintiff was employed by Defendant at Kennywood Park as the Operations Manager for

the Refreshment Company (a sub-division, not a separate corporation) from 1976 until she

was terminated on or about January 29, 2009.

9.      Plaintiff performed her job satisfactorily throughout her employment and received the
        highest positive comments from her boss for 33 years.

10.     Plaintiff is a female, age 50.

11.     Kennywood is an amusement park located in West Mifflin, Pennsylvania, near Pittsburgh.

12.     The park first opened in 1898 as a trolley park for the Monongahela Street Railway
        Company, and is one of only two amusement parks listed in the National Register of
        Historic Places.

13.     Kennywood is owned by Kennywood Entertainment which, until December 2007, was a
        closely held family business owned by the Henninger and McSwigan families.

14.     In or about December 2007 Kennywood Entertainment was acquired by Palace
        Entertainment, a subsidiary of Parques Reunidos, an international amusement park
        company based in Madrid, Spain.

15.     At the time of the acquisition by Palace Entertainment of Kennywood in December 2007
        Kennywood's then-chairman, Harry Henninger, announced to the public that "existing
        management and staff will remain in place."

16.     At the time the park had approximately 235 full-time employees and the workforce swelled
        to 1500 or more during the operating season.

17.     Regrettably, Mr. Henninger's assurance to the public and the staff was ignored by new ownership.

18.     Beginning in late 2008 Defendant began cutting existing staff, particularly long-term staff.

19.     On or about January 29, 2009, Plaintiff was informed by the Food Service Director, her boss, that she was being terminated.

20.     The only reason given for the termination was that management was reducing the workforce.

21.     Plaintiff asked if there was other work she could perform.

22.     In fact, there are many jobs at the park, other than Operations Manager, that Plaintiff was qualified to perform.

23.     Plaintiff was told, however, that there was simply nothing available for her, either full-time or part-time, and that she was finished.

24.     As the Operations Manager for the Refreshment Company Plaintiff was responsible for a number of important functions, including: scheduling approximately 400 employees at the food stands; handling conflicts between workers, customer complaints and concerns regarding food safety; inspecting the food stands for safety and cleanliness; managing the workforce at the food stands; and, making the purchases of candy items and janitorial supplies for the food stands.

25.     Of necessity, this work still had to be done even after Plaintiff was terminated.

26.     The premise of the reason given to her for the termination, reduction in force, was inherently untrue, therefore.

27.     The work that Plaintiff had been doing still had to be done, and still required essentially the full-time efforts of the area supervisors that worked under Plaintiff and, specifically, one person who took over Plaintiff's primary duties (scheduling approximately 400 employees at the food stands; managing the workforce at the food stands).

28.     Indeed, upon Plaintiff's termination Plaintiff was replaced primarily by one person, a significantly younger (in his 20s) man.

29.     The young male is actually sitting at the same desk in the same office as Plaintiff did.

30.     The young male has no more than five years comparable experience to Plaintiff's thirty-three years of experience.

31.     Irrespective of whether the position of Operations Manager, or the equivalent, remained there were many other jobs available at Kennywood that Plaintiff was eminently qualified to perform.

32.     The reason given for Plaintiff's termination, reduction in force, was false.

33.     Plaintiff was simply replaced by a significantly younger male worker.

34.     Moreover, there were available positions elsewhere in Defendant's operations that Plaintiff was qualified to perform.

35.     These positions are currently being filled by individuals significantly younger and with less experience than Plaintiff.

36.     It was Defendant's intent to replace Plaintiff with a younger male worker.

37.     Defendant was motivated by age and sex discrimination.

38.     The reason given for Plaintiff's termination, therefore, was a mere pretext for age and sex discrimination.

39.     Defendant's actions are a violation of the ADEA, Title VII and the PHRA.

### COUNT I:  AGE DISCRIMINATION (ADEA / PHRA)

40.     Plaintiff hereby incorporated by reference Paragraphs 1 through 39 of her Complaint as though the same were more fully set forth herein.

41.     Plaintiff is in the protected group (over the age of 40).

42.     Plaintiff is qualified for the position in question (Operations Manager for the Refreshment Company and other positions).

43.     Plaintiff suffered an adverse employment action (termination).

44.     A significantly younger worker with inferior qualifications and performance has been
        retained and has replaced Plaintiff.

45.     Significantly younger workers were also retained, or hired, into other jobs Plaintiff was
        better qualified to perform.

46.     Defendant's motive in terminating Plaintiff and retaining the younger less-qualified
        individual was age discrimination and a preference for younger workers.

47.     Defendant's actions are a violation of the ADEA and the PHRA.

48.     Defendant's violations of the law have been knowing and willful.

49.     Plaintiff has suffered loss of job, mental anguish (PHRA), loss of future earnings and loss
        of benefits as a result of the unlawful actions by Defendant.

50.     Plaintiff is seeking lost wages, liquidated damages, lost benefits (including retirement and
        health benefits), compensatory damages (under the PHRA), attorney's fees and costs.

## COUNT II:  TITLE VII / PHRA - SEX DISCRIMINATION

51.     Plaintiff hereby incorporates by reference Paragraphs 1 through 50 of her Complaint as
        though the same were more fully set forth at length herein.

52.     Plaintiff is in a protected group based on sex (female).

53.     Plaintiff is qualified for the position in question (Operations Manager for the Refreshment Company or other positions).

54.     Plaintiff suffered an adverse employment action (termination).

55.     Plaintiff has been treated differently than males in similar circumstances.

56.     The adverse action, and the disparate treatment, are because of Plaintiff's sex.

57.     Defendant's actions are in violation of Title VII and the PHRA's prohibition against sex discrimination.

58.     Plaintiff is seeking lost wages, liquidated damages, lost benefits (including retirement and health benefits), compensatory and punitive damages, attorney's fees and costs.

## PRAYER FOR RELIEF

59.     WHEREFORE, Plaintiff respectfully requests that this Court:

    A.      Order Defendant to make whole Plaintiff by paying monetary damages, interest and other affirmative relief, including reinstatement, necessary to eradicate the effects of its deprivation of Plaintiff's civil rights and its other unlawful actions.

    B.      Order Defendant to pay liquidated damages (ADEA) and compensatory damages and punitive damages (Title VII) to Plaintiff for the injuries to her reputation, and the emotional distress, sustained as a result of Defendant's illegal actions.

C.      Order Defendant to pay the costs and reasonable attorney's fees incurred by

        Plaintiff.


D.      Grant such further relief as the Court deems necessary and proper.



                                        Respectfully submitted,



                                        s/Joseph H. Chivers
                                        Joseph H. Chivers, Esquire
                                        PA ID No. 39184
                                        First & Market Building
                                        Suite 1010
                                        100 First Avenue
                                        Pittsburgh, PA  15222-1514
                                        (412) 227-0763
                                        (412) 281-8481 FAX
                                        jchivers@employmentrightsgroup.com

                                        Counsel for Plaintiff
DATED: February 3, 2010                 Carol J. Palangio